# In the United States Court of Federal Claims

No. 21-743C

Filed: July 29, 2021

| | |
|---|---|
| * * * * * * * * * * * * * * | * |
| **VERNON-THEUNDER: JAMES,** | * |
| | * |
| **Plaintiff,** | * |
| | * |
| v. | * |
| | * |
| **UNITED STATES,** | * |
| | * |
| **Defendant.** | * |
| * * * * * * * * * * * * * * | * |

**Vernon-Theunder: James**, pro se, Enola, PA.

**Brendan D. Jordan**, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, D.C., for defendant. With him were **Allison Kidd-Miller**, Assistant Director, Commercial Litigation Branch; **Martin F. Hockey, Jr.**, Acting Director, Commercial Litigation Branch; **Brian M. Boynton**, Acting Assistant Attorney General, Civil Division.

**O P I N I O N**

**HORN, J.**

Pro se plaintiff, "Vernon-Theunder: James," filed a complaint in the United States Court of Federal Claims, which he refers to as a "Petition to Vacate a Void Judgment."[1] Plaintiff seeks $4,032,000,000.00 in "punitive" damages for a wide variety of, sometimes difficult to follow, claims, including for apparent tax refund, false imprisonment, and seizure of his property in connection with his arrest for income tax violations.

**FINDINGS OF FACT**

Plaintiff states that he and his "clients **(U.S. Slaves Descendants)**" attempted to "process a refund from the Internal Revenue Service." Plaintiff alleges that these filings were an attempt to obtain a refund that he could not receive without using the Capital Gains and REIT, i.e., Real Estate Investment Trusts form. Plaintiff claims that in the past

---

[1] Capitalization, grammar, punctuation, abbreviations, spelling, emphasis, and choice of words when quoted in this Opinion are as they originally appear in plaintiff's submissions to this court.

the Internal Revenue Service (IRS) had extorted a "bogus income tax" from him "under duress and coercion."

According to a complaint filed by plaintiff in the United States District Court for the Eastern District of Texas, plaintiff was found guilty of "false, fictitious or fraudulent claims and aiding and abetting," in October 2001, and, on January 25, 2002, plaintiff was sentenced to 78 months in prison, followed by a 3-year term of supervised release. See United States v. James, No. CRIM A 4:01-CR-57(1), 2009 WL 1690299, at *1 (E.D. Tex. June 16, 2009). According to plaintiff's complaint, he was ordered to pay $566,418.00 to the IRS.

Plaintiff alleges that while he was detained the United States searched plaintiff's dwelling and plaintiff's mail box located at Mail Boxes, Etc., and allegedly seized property belonging to him and his clients, which, according to plaintiff's complaint, totaled $250,000.00 in value. Specifically, plaintiff's complaint states various government officials "Conspired to Defraud **Plaintiff** of Monetary Assets in the amount of Two Hundred Fifty Thousand Dollars in Violation of Texas Fraud Statutes and Federal Law." Plaintiff also alleges that the search warrant did not have an affidavit attached and, therefore, was invalid, and that the warrant was "overbroad," and included items that were not relevant to the alleged crimes. Further, plaintiff alleges that the warrant was based on "prior illegal trespass" by the IRS. Moreover, plaintiff states that he was not compensated for the property taken, and that it was taken for "a private agenda" and not a public use. Plaintiff claims that his ex-wife was allowed to keep $20,000.00 of the property "in exchange for perjured testimony against Plaintiff."

Plaintiff further alleges that his imprisonment for tax violations amounted to "Unlawful Arrest, Kidnapping, Hostage Keeping, and False Imprisonment," and calculated the damages to be $1,600,000.00 per day of imprisonment. Plaintiff, therefore, requests punitive damages in the amount of "$4,032,000,000.00." Furthermore, plaintiff claims that he is "not a Citizen of the United States," rather he alleges that he is a "non-juristic and sovereigns natural person (non-enity)." He states that because he is a descendant of African slaves brought to the United States by force, there is "No Documentation, or Records showing mutual Agreement to be in and under the United States Constitution." Plaintiff also claims that the Texas Code of Criminal Procedures "forbids Federal Officers from attempting to superscede state laws by enforcing Federal Laws in Texas."

Plaintiff requests the court:

(a) Finds that the Defendants are engaging in conduct which is despicable and treasonous, engaging in **RICO/Mafia** and corrupt attacks upon the personal and business life of Plaintiff.
(b) Finds that the Defendants are engaging in conduct used to expand Federal authority and at the same time expand Defendants power to circumvent the law, morality and Plaintiff privacy and due process rights.
(c) Finds that the Defendants are attempting to establish **international customs** venue without leaving Texas or any other Union State.

(d) Finds that the Defendants are misapplying or misdirecting the authority and jurisdiction of Congress and cannot infringe upon the jurisdiction of the states provided a crime has actually occurred.

(e) Finds that the U.S. Supreme Court decided that the United States cannot enforce a police power within the states and that the court decided that Federal Court have no authority to create statutory taxpayers.

(f) Finds that the Defendants have committed felony violation of Texas Law and Federal Law in the Application of non-existent Violations of the Internal Revenue Code and Title 18 United States Code.

**(g)** Finds that the Defendants are subject to Termination by Violating the **1998** Restructuring and Reform Act, Specifically Title I, Section **1203(b) (3) and (6). & Title 18 USC Sec. 242, Treaty Law & Constitution, Deprivation of Right Under Color of Law. & Title 18 USC Sec. 241, Conspiracy against Rights.**

**(h)** Finds that the Defendants Seized illegally over **Two Hundred Fifty Thousand Dollars** worth of **Plaintiff's** Clients Property (Money Order and Moneys) and Plaintiff personal and Business Property without just cause and under illegal Circumstances and Orders the Defendants to return all property and effects in good condition Seized by Defendants.

**(i)** Finds that the **7 1/2** Years of False Imprisonment, and that the Jailing of **Plaintiff** both times to be illegal **(See Warrant For Arrest Probation Violation as EXHIBIT P)** and such action requires more than restitution as the exoneration of Defendants actions would send a chilling message to the private **Sovereigns t**hat justice cannot be had at any price and relations between any government Agency, Court of Congress and the People of the Union States would become Irreparable.

**(j)** Finds that The U.S. Department of the Treasury Bureau of the Fiscal Service and IRS Notice of Levy on Wages, Salary, and Other so called Income to be illegal, See Attached Notices From The **IRS** and U.S. Department of the Treasury Bureau of the Fiscal Service as **( EXHIBIT O).**

In response to plaintiff's complaint, defendant filed a motion to dismiss for lack of subject matter jurisdiction and failure to state a claim, pursuant to Rule 12(b)(1) (2020) of the Rules of the Court of Federal Claims (RCFC) and RCFC 12(b)(6), arguing this court lacks jurisdiction over plaintiff's claims, and that plaintiff "fails to adequately allege facts that give rise to a claim for relief," respectively. Defendant argues, among other responses to the varied, and numerous, allegations in plaintiff's complaint, that plaintiff's claims relating to "his arrest, imprisonment, and the search and seizure of his property," cannot be brought in this court, and further contends that the complaint fails to meet the prerequisites for filing a tax claim in this court.

Thereafter, plaintiff filed a response to defendant's motion to dismiss and argues that he is "not capable of committing a criminal against the United States by demanding and attempting to process a refund from the Internal Revenue Service." Plaintiff also argues that he has alleged sufficient facts that must be accepted by the court as true. Defendant's reply in support of the motion to dismiss reiterates that this court does not

have jurisdiction over plaintiff's claims. Moreover, defendant asserts that the complaint "almost entirely consists of conclusory statements and legal argumentation," and fails to adequately state a claim.

## DISCUSSION

The court recognizes that plaintiff is proceeding pro se. When determining whether a complaint filed by a pro se plaintiff is sufficient to invoke review by a court, a pro se plaintiff is entitled to a more liberal construction of the pro se plaintiff's pleadings. See Haines v. Kerner, 404 U.S. 519, 520-21 (requiring that allegations contained in a pro se complaint be held to "less stringent standards than formal pleadings drafted by lawyers"), reh'g denied, 405 U.S. 948 (1972); see also Erickson v. Pardus, 551 U.S. 89, 94 (2007); Hughes v. Rowe, 449 U.S. 5, 9-10 (1980); Estelle v. Gamble, 429 U.S. 97, 106 (1976), reh'g denied, 429 U.S. 1066 (1977); Matthews v. United States, 750 F.3d 1320, 1322 (Fed. Cir. 2014); Jackson v. United States, 143 Fed. Cl. 242, 245 (2019), Diamond v. United States, 115 Fed. Cl. 516, 524 (2014), aff'd, 603 F. App'x 947 (Fed. Cir.), cert. denied, 135 S. Ct. 1909 (2015). However, "there is no 'duty [on the part] of the trial court . . . to create a claim which [plaintiff] has not spelled out in his [or her] pleading . . . .'" Lengen v. United States, 100 Fed. Cl. 317, 328 (2011) (alterations in original) (quoting Scogin v. United States, 33 Fed. Cl. 285, 293 (1995) (quoting Clark v. Nat'l Travelers Life Ins. Co., 518 F.2d 1167, 1169 (6th Cir. 1975))); see also Bussie v. United States, 96 Fed. Cl. 89, 94, aff'd, 443 F. App'x 542 (Fed. Cir. 2011); Minehan v. United States, 75 Fed. Cl. 249, 253 (2007). "While a pro se plaintiff is held to a less stringent standard than that of a plaintiff represented by an attorney, the pro se plaintiff, nevertheless, bears the burden of establishing the Court's jurisdiction by a preponderance of the evidence." Riles v. United States, 93 Fed. Cl. 163, 165 (2010) (citing Hughes v. Rowe, 449 U.S. at 9; and Taylor v. United States, 303 F.3d 1357, 1359 (Fed. Cir.), reh'g and reh'g en banc denied (Fed. Cir. 2002)); see also Kelley v. Secretary, U.S. Dep't of Labor, 812 F.2d 1378, 1380 (Fed. Cir. 1987) ("[A] court may not similarly take a liberal view of [] jurisdictional requirement[s] and set a different rule for pro se litigants only."); Hartman v. United States, 150 Fed. Cl. 794, 796 (2020); Schallmo v. United States, 147 Fed. Cl. 361, 363 (2020); Hale v. United States, 143 Fed. Cl. 180, 184 (2019) ("[E]ven pro se plaintiffs must persuade the court that jurisdictional requirements have been met." (citing Bernard v. United States, 59 Fed. Cl. 497, 499, aff'd, 98 F. App'x 860 (Fed. Cir. 2004))); Golden v. United States, 129 Fed. Cl. 630, 637 (2016); Shelkofsky v. United States, 119 Fed. Cl. 133, 139 (2014) ("[W]hile the court may excuse ambiguities in a pro se plaintiff's complaint, the court 'does not excuse [a complaint's] failures.'" (quoting Henke v. United States, 60 F.3d 795, 799 (Fed. Cir. 1995))); Harris v. United States, 113 Fed. Cl. 290, 292 (2013) ("Although plaintiff's pleadings are held to a less stringent standard, such leniency 'with respect to mere formalities does not relieve the burden to meet jurisdictional requirements.'" (quoting Minehan v. United States, 75 Fed. Cl. at 253)).

"Subject-matter jurisdiction may be challenged at any time by the parties or by the court sua sponte." Folden v. United States, 379 F.3d 1344, 1354 (Fed. Cir. 2004) (Fanning, Phillips & Molnar v. West, 160 F.3d 717, 720 (Fed. Cir. 1998)), reh'g and reh'g en banc denied (Fed. Cir. 2004), cert. denied, 545 U.S. 1127 (2005); see also St. Bernard

Parish Gov't v. United States, 916 F.3d 987, 992-93 (Fed. Cir. 2019) ("[T]he court must address jurisdictional issues, even sua sponte, whenever those issues come to the court's attention, whether raised by a party or not, and even if the parties affirmatively urge the court to exercise jurisdiction over the case." (citing Foster v. Chatman, 136 S. Ct. 1737, 1745 (2016)); Int'l Elec. Tech. Corp. v. Hughes Aircraft Co., 476 F.3d 1329, 1330 (Fed. Cir. 2007); Haddad v. United States, 152 Fed. Cl. 1, 16 (2021); Fanelli v. United States, 146 Fed. Cl. 462, 466 (2020). The Tucker Act, 28 U.S.C. § 1491 (2018), grants jurisdiction to this court as follows:

> The United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort.

28 U.S.C. § 1491(a)(1). As interpreted by the United States Supreme Court, the Tucker Act waives sovereign immunity to allow jurisdiction over claims against the United States (1) founded on an express or implied contract with the United States, (2) seeking a refund from a prior payment made to the government, or (3) based on federal constitutional, statutory, or regulatory law mandating compensation by the federal government for damages sustained. See United States v. Navajo Nation, 556 U.S. 287, 289-90 (2009); see also Me. Community Health Options v. United States, 140 S. Ct. 1308, 1327-28 (2020); United States v. Mitchell, 463 U.S. 206, 216 (1983); Sanford Health Plan v. United States, 969 F.3d 1370, 1378 (Fed. Cir. 2020); Alvarado Hosp., LLC v. Price, 868 F.3d 983, 991 (Fed. Cir. 2017); Greenlee Cnty., Ariz. v. United States, 487 F.3d 871, 875 (Fed. Cir.), reh'g and reh'g en banc denied (Fed. Cir. 2007), cert. denied, 552 U.S. 1142 (2008); Palmer v. United States, 168 F.3d 1310, 1314 (Fed. Cir. 1999); Gulley v. United States, 150 Fed. Cl. 405, 411 (2020); Kuntz v. United States, 141 Fed. Cl. 713, 717 (2019). "Not every claim invoking the Constitution, a federal statute, or a regulation is cognizable under the Tucker Act. The claim must be one for money damages against the United States . . . ." United States v. Mitchell, 463 U.S. at 216; see also United States v. White Mountain Apache Tribe, 537 U.S. 465, 472 (2003); N.Y. & Presbyterian Hosp. v. United States, 881 F.3d 877, 881 (Fed. Cir. 2018); Smith v. United States, 709 F.3d 1114, 1116 (Fed. Cir.), cert. denied, 571 U.S. 945 (2013); RadioShack Corp. v. United States, 566 F.3d 1358, 1360 (Fed. Cir. 2009); Rick's Mushroom Serv., Inc. v. United States, 521 F.3d 1338, 1343 (Fed. Cir. 2008) ("[P]laintiff must . . . identify a substantive source of law that creates the right to recovery of money damages against the United States."); Olson v. United States, 152 Fed. Cl. 33, 40-41 (2021); Jackson v. United States, 143 Fed. Cl. at 245. In Ontario Power Generation, Inc. v. United States, the United States Court of Appeals for the Federal Circuit identified three types of monetary claims for which jurisdiction is lodged in the United States Court of Federal Claims. The Ontario Power Generation, Inc. court wrote:

> The underlying monetary claims are of three types. . . . First, claims alleging the existence of a contract between the plaintiff and the government fall within the Tucker Act's waiver . . . . Second, the Tucker Act's waiver

5

> encompasses claims where "the plaintiff has paid money over to the Government, directly or in effect, and seeks return of all or part of that sum." Eastport S.S. [Corp. v. United States, 178 Ct. Cl. 599, 605-06,] 372 F.2d [1002,] 1007-08 [(1967)] (describing illegal exaction claims as claims "in which 'the Government has the citizen's money in its pocket'" (quoting Clapp v. United States, 127 Ct. Cl. 505, 117 F. Supp. 576, 580 (1954)) . . . . Third, the Court of Federal Claims has jurisdiction over those claims where "money has not been paid but the plaintiff asserts that he is nevertheless entitled to a payment from the treasury." Eastport S.S., 372 F.2d at 1007. Claims in this third category, where no payment has been made to the government, either directly or in effect, require that the "particular provision of law relied upon grants the claimant, expressly or by implication, a right to be paid a certain sum." Id.; see also [United States v. ]Testan, 424 U.S. [392,] 401-02 [(1976)] ("Where the United States is the defendant and the plaintiff is not suing for money improperly exacted or retained, the basis of the federal claim-whether it be the Constitution, a statute, or a regulation-does not create a cause of action for money damages unless, as the Court of Claims has stated, that basis 'in itself . . . can fairly be interpreted as mandating compensation by the Federal Government for the damage sustained.'" (quoting Eastport S.S., 372 F.2d at 1009)). This category is commonly referred to as claims brought under a "money-mandating" statute.

Ont. Power Generation, Inc. v. United States, 369 F.3d 1298, 1301 (Fed. Cir. 2004); see also Samish Indian Nation v. United States, 419 F.3d 1355, 1364 (Fed. Cir. 2005); Twp. of Saddle Brook v. United States, 104 Fed. Cl. 101, 106 (2012).

To prove that a statute or regulation is money-mandating, a plaintiff must demonstrate that an independent source of substantive law relied upon "'can fairly be interpreted as mandating compensation by the Federal Government.'" United States v. Navajo Nation, 556 U.S. at 290 (quoting United States v. Testan, 424 U.S. at 400); see also United States v. White Mountain Apache Tribe, 537 U.S. at 472; United States v. Mitchell, 463 U.S. at 217; Blueport Co., LLC v. United States, 533 F.3d 1374, 1383 (Fed. Cir. 2008), cert. denied, 555 U.S. 1153 (2009); Szuggar v. United States, 145 Fed. Cl. 331, 335 (2019The source of law granting monetary relief must be distinct from the Tucker Act itself. See United States v. Navajo Nation, 556 U.S. at 290 (The Tucker Act does not create "substantive rights; [it is simply a] jurisdictional provision[] that operate[s] to waive sovereign immunity for claims premised on other sources of law (*e.g.*, statutes or contracts)."); see also Me. Community Health Options v. United States, 140 S. Ct. at 1327-28. "'If the statute is not money-mandating, the Court of Federal Claims lacks jurisdiction, and the dismissal should be for lack of subject matter jurisdiction.'" Jan's Helicopter Serv., Inc. v. Fed. Aviation Admin., 525 F.3d 1299, 1308 (Fed. Cir. 2008) (quoting Greenlee Cnty., Ariz. v. United States, 487 F.3d at 876); see also N.Y. & Presbyterian Hosp. v. United States, 881 F.3d at 881; Fisher v. United States, 402 F.3d 1167, 1173 (Fed. Cir. 2005) (noting that the absence of a money-mandating source is "fatal to the court's jurisdiction under the Tucker Act"); Olson v. United States, 152 Fed.

6

Cl. at 41; Downey v. United States, 147 Fed. Cl. 171, 175 (2020) ("And so, to pursue a substantive right against the United States under the Tucker Act, a plaintiff must identify and plead a money-mandating constitutional provision, statute, or regulation." (citing Cabral v. United States, 317 F. App'x 979, 981 (Fed. Cir. 2008))); Jackson v. United States, 143 Fed. Cl. at 245 ("If the claim is not based on a 'money-mandating' source of law, then it lies beyond the jurisdiction of this Court." (citing Metz v. United States, 466 F.3d 991, 997 (Fed. Cir. 2006)).

"Determination of jurisdiction starts with the complaint, which must be well-pleaded in that it must state the necessary elements of the plaintiff's claim, independent of any defense that may be interposed." Holley v. United States, 124 F.3d 1462, 1465 (Fed. Cir.) (citing Franchise Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1, 9-10 (1983)), reh'g denied (Fed. Cir. 1997); see also Klamath Tribe Claims Comm. v. United States, 97 Fed. Cl. 203, 208 (2011); Gonzalez-McCaulley Inv. Grp., Inc. v. United States, 93 Fed. Cl. 710, 713 (2010). A plaintiff need only state in the complaint "a short and plain statement of the grounds for the court's jurisdiction," and "a short and plain statement of the claim showing that the pleader is entitled to relief." RCFC 8(a)(1), (2) (2020); Fed. R. Civ. P. 8(a)(1), (2) (2021); see also Ashcroft v. Iqbal, 556 U.S. 662, 677-78 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-57, 570 (2007)). To properly state a claim for relief, "[c]onclusory allegations of law and unwarranted inferences of fact do not suffice to support a claim." Bradley v. Chiron Corp., 136 F.3d 1317, 1322 (Fed. Cir. 1998); see also McZeal v. Sprint Nextel Corp., 501 F.3d 1354, 1363 n.9 (Fed. Cir. 2007) (Dyk, J., concurring in part, dissenting in part) (quoting C. WRIGHT AND A. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1286 (3d ed. 2004)); "A plaintiff's factual allegations must 'raise a right to relief above the speculative level' and cross 'the line from conceivable to plausible.'" Three S Consulting v. United States, 104 Fed. Cl. 510, 523 (2012) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. at 555), aff'd, 562 F. App'x 964 (Fed. Cir.), reh'g denied (Fed. Cir. 2014); see also Hale v. United States, 143 Fed. Cl. at 190. As stated in Ashcroft v. Iqbal, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' 550 U.S. at 555. Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Ashcroft v. Iqbal, 556 U.S. at 678 (quoting Bell Atl. Corp. v. Twombly, 550 U.S. at 555).

With respect to plaintiff's demand for punitive damages, such damages are not available as a form of relief in this court. See Brown v. United States, 105 F.3d 621, 624 (Fed. Cir. 1997) (noting that appellants' demand for exemplary damages is beyond the jurisdiction of the United States Court of Federal Claims); Harris v. United States, 135 Fed. Cl. 10, 14 (2017) (citing Greene v. United States, 65 Fed. Cl. 375, 379 (2005) (citing Garner v. United States, 230 Ct. Cl. 941, 943 (1982))); Mastrolia v. United States, 91 Fed. Cl. 369, 382 (2010) ("The United States has not waived sovereign immunity with regard to punitive damages."). In sum, punitive damages are not available to plaintiff in this court.

In addition, in his complaint, plaintiff raised a number of constitutional allegations over which this court also does not have jurisdiction. Plaintiff alleges that the government "Seized illegally over **Two Hundred Fifty Thousand Dollars** worth of **Plaintiff's** Clients Property" and his own personal and business property "under illegal Circumstances." To

the extent that plaintiff is attempting to allege illegal search and seizure of his property under the Fourth Amendment to the United States Constitution, this court does not have jurisdiction to hear those claims. See Mahoney v. United States, 129 Fed. Cl. 589, 592 (2016) ("To the extent that Mr. Mahoney's claim relies upon the First and Fourth Amendments, the court lacks subject matter jurisdiction."); see also Brown v. United States, 105 F.3d at 623 ("Because monetary damages are not available for a Fourth Amendment violation, the Court of Federal Claims does not have jurisdiction over a such a violation."); Whiteford v. United States, 148 Fed. Cl. 111, 120 (2020); Roberson v. United States, 115 Fed. Cl. 234, 240 ("The Fourth Amendment is not money-mandating." (citing Brown v. United States, 105 F.3d at 623)), appeal dismissed, 556 F. App'x 966 (Fed. Cir. 2014); Haka v. United States, 107 Fed. Cl. 111, 113-14 (2012); Kam-Almaz v. United States, 96 Fed. Cl. 84, 89 (2011) ("[T]his Court does not have jurisdiction to hear claims contesting the lawfulness of a search and seizure because due process and Fourth Amendment claims are reserved to the District Court." (citing LeBlanc v. United States, 50 F.3d 1025, 1028 (Fed. Cir. 1995))), aff'd, 682 F.3d 1364 (Fed. Cir. 2012). Therefore, this court does not have jurisdiction over any of plaintiff's attempted allegations of illegal search and seizure under the Fourth Amendment.

Further, plaintiff claims that the government engaged "in conduct used to expand Federal authority and at the same time expand Defendants power to circumvent the law, morality and Plaintiff privacy and due process rights." Plaintiff may be raising a due process claim. To the extent plaintiff's complaint raises due process claims pursuant to the United States Constitution, the United States Court of Appeals for the Federal Circuit has held that the United States Court of Federal Claims does not possess jurisdiction to consider claims arising under the Due Process Clauses of the Fifth and Fourteenth Amendments to the United States Constitution. See Crocker v. United States, 125 F.3d 1475, 1476 (Fed. Cir. 1997) (concluding that the United States Court of Federal Claims has no jurisdiction over a due process violation under the Fifth and Fourteenth Amendments (citing LeBlanc v. United States, 50 F.3d at 1028)); see also Smith v. United States, 709 F.3d at 1116 ("The law is well settled that the Due Process clauses of both the Fifth and Fourteenth Amendments do not mandate the payment of money and thus do not provide a cause of action under the Tucker Act." (citing LeBlanc v. United States, 50 F.3d at 1028)); In re United States, 463 F.3d 1328, 1335 n.5 (Fed. Cir.) ("[B]ecause the [Fifth Amendment] Due Process Clause is not money-mandating, it may not provide the basis for jurisdiction under the Tucker Act."), reh'g and reh'g en banc denied (Fed. Cir. 2006), cert. denied sub nom. Scholl v. United States, 552 U.S. 940 (2007); Acadia Tech., Inc. & Global Win Tech., Ltd. v. United States, 458 F.3d 1327, 1334 (Fed. Cir. 2006); Collins v. United States, 67 F.3d 284, 288 (Fed. Cir.) ("[T]he [Fifth Amendment] due process clause does not obligate the government to pay money damages."), reh'g denied (Fed. Cir. 1995); Mullenberg v. United States, 857 F.2d 770, 773 (Fed. Cir. 1988) (finding that the Due Process clauses "do not trigger Tucker Act jurisdiction in the courts"); Murray v. United States, 817 F.2d 1580, 1583 (Fed. Cir. 1987) (noting that the Fifth Amendment Due Process clause does not include language mandating the payment of money damages); Yates v. United States, 150 Fed. Cl. 128, 135 (2020) (citing LeBlanc v. United States, 50 F.3d at 1028); Whiteford v. United States, 148 Fed. Cl. at 121 (citing Smith v. United States, 709 F.3d at 1116); Vondrake v. United States, 141 Fed. Cl. 599,

8

602 (2019) (citing Smith v. United States, 709 F.3d at 1116); Maehr v. United States, 139 Fed. Cl. 1, 3-4 (2018) (stating that Smith v. United States, 709 F.3d at 1114, "remains controlling law today"), aff'd, 767 F. App'x 914 (Fed. Cir. 2019), petition for cert. docketed, (U.S. July 11, 2019) (No. 19-5151); Zainulabeddin v. United States, 138 Fed. Cl. 492, 505 (2018) (citing LeBlanc v. United States, 50 F.3d at 1028); Harper v. United States, 104 Fed. Cl. 287, 291 n.5 (2012); Hampel v. United States, 97 Fed. Cl. at 238. Accordingly, this court does not have jurisdiction over any due process claims plaintiff may be trying to bring in this court.

Plaintiff further alleges in his complaint that "Defendants are subject to Termination by Violating the **1998** Restructuring and Reform Act, Specifically Title I, Section **1203(b)(3) and (6). & Title 18 USC Sec. 242, Treaty Law & Constitution, Deprivation of Right Under Color of Law. & Title 18 USC Sec. 241, Conspiracy against Rights."** If plaintiff is trying to allege a general violation of his civil rights, under 42 U.S.C. § 1983 (2018) or any other civil rights statute, the United States Court of Federal Claims lacks jurisdiction to hear claims alleging a deprivation of civil rights under color of law. See Elkins v. United States, 229 Ct. Cl. 607, 608 (1981) ("[W]e do not have jurisdiction over claims based upon alleged violations of the civil rights laws." (citation omitted)); see also Weir v. United States, 141 Fed. Cl. 169, 177-78 (2018); Johnson v. United States, 135 Fed. Cl. 565, 575 (2017) ("Section 1343 of Title 28 provides the federal District Courts original jurisdiction over any relief requested under an 'Act of Congress providing for the protection of civil rights.'" (citations omitted)); Vincent v. United States, 135 Fed. Cl. 561, 563 (2017) ("[A]ctions for civil rights violations brought under 42 U.S.C. § 1983 (2012) cannot be heard by this court." (citing Marlin v. United States, 63 Fed. Cl. 475, 476 (2005), appeal dismissed, 146 F. App'x 491 (Fed. Cir. 2005))), aff'd, 733 F. App'x 529 (Fed. Cir. 2018); Wagstaff v. United States, 105 Fed. Cl. 99, 109 (2012); May v. United States, 104 Fed. Cl. 278, 284 (2012), aff'd, 534 F. App'x 930 (Fed. Cir. 2013). Furthermore, in Blassingame v. United States, a Judge of this court determined that jurisdiction is lacking over claims brought pursuant to civil rights laws, including 42 U.S.C. § 1983, as jurisdiction for such claims remains exclusively with the United States District Courts. See Blassingame v. United States, 33 Fed. Cl. 504, 505, aff'd, 73 F.3d 379 (Fed. Cir. 1995), reh'g denied (Fed. Cir.), cert. denied, 517 U.S. 1237 (1996). Therefore, to the extent plaintiff may be trying to allege any claims based on 42 U.S.C. § 1983, this court does not have jurisdiction.

In addition, plaintiff alleges that "the Defendants have committed felony violation of Texas Law and Federal Law in the Application of non-existent Violations of the Internal Revenue Code and Title 18 United States Code." To the extent that plaintiff is alleging any criminal acts, defendant argues that this court does not have jurisdiction over any of plaintiff's criminal claims. Defendant is correct, the jurisdiction of the United States Court of Federal Claims does not include jurisdiction over criminal causes of action. See Joshua v. United States, 17 F.3d 378, 379 (Fed. Cir. 1994); Yates v. United States, 150 Fed. Cl. at 135 (citing Joshua v. United States, 17 F.3d 378, 379 (Fed. Cir. 1994)); Kenyon v. United States, 127 Fed. Cl. 767, 774 (2016), aff'd, 683 F. App'x 945 (Fed. Cir. 2017) (citing Joshua v. United States, 17 F.3d 378, 380 (Fed. Cir. 1994)); Whiteford v. United States, 148 Fed. Cl. at 122; Flippin v. United States, 146 Fed. Cl. 179, 183 (2019) (citing

Joshua v. United States, 17 F.3d 378); Cooper v. United States, 104 Fed. Cl. 306, 312 (2012) ("[T]his court does not have jurisdiction over [plaintiff's] claims because the court may review neither criminal matters, nor the decisions of district courts." (internal citation omitted))); Leitner v. United States, 92 Fed. Cl. at 224; Mendes v. United States, 88 Fed. Cl. 759, 762, appeal dismissed, 375 F. App'x 4 (Fed. Cir. 2009); Hufford v. United States, 87 Fed. Cl. 696, 702 (2009) (holding that the United States Court of Federal Claims lacked jurisdiction over claims arising from the violation of a criminal statute); Fullard v. United States, 78 Fed. Cl. 294, 301 (2007) ("[P]laintiff alleges criminal fraud, a subject matter over which this court lacks jurisdiction." (citing 28 U.S.C. § 1491; Joshua v. United States, 17 F.3d at 379)). Because this court does not have jurisdiction over claims alleging criminal acts, plaintiff's criminal claims must fail for lack of subject matter jurisdiction in this court.

Plaintiff also raises claims against a mix of state and United States government officials. Defendant argues that this court does not have jurisdiction over claims raised against any defendant other than the United States. It is well established that this court lacks jurisdiction to hear claims against state or local officials, who are not federal employees. See United States v. Sherwood, 312 U.S. 584, 588 (1941) (noting that "if the relief sought is against others than the United States the suit as to them must be ignored as beyond the jurisdiction of the court [United States Court of Claims]" (citing United States v. Jones, 131 U.S. 1, 9 (1889); Lynn v. United States, 110 F.2d 586, 588 (5th Cir. 1940); Leather & Leigh v. United States, 61 Ct. Cl. 388 (1925))); see also Brown v. United States, 105 F.3d 621, 624 (Fed. Cir. 1997) ("The Tucker Act grants the Court of Federal Claims jurisdiction over suits against the United States, not against individual federal officials."); Bey v. United States, No. 20-906C, 2021 WL 2006573, at *3 (Fed. Cl. May 19, 2021) (holding that the United States Court of Federal Claims does not have jurisdiction over claims against state and local agencies); Gulley v. United States, 150 Fed. Cl. 405, 412-13 (2020); Cooper v. United States, 137 Fed. Cl. 432, 434 (2018) (finding that the United States Court of Federal Claims "lacks subject matter jurisdiction to consider plaintiff's claims to the extent they are made against individuals"); Robinson v. United States, 127 Fed. Cl. 417, 420 (2016) ("The court is without 'jurisdiction over claims against individuals.'" (quoting Emerson v. United States, 123 Fed. Cl. 126, 129 (2015))); Merriman v. United States, 128 Fed. Cl. 599, 602 (2016) ("The United States Court of Federal Claims does not have subject matter jurisdiction over claims against private individuals or state officials." (citing United States v. Sherwood, 312 U.S. at 588)); Hicks v. United States, 118 Fed. Cl. 76, 81 (2014); Cox v. United States, 105 Fed. Cl. 213, 216, appeal dismissed, 12-5108 (Fed. Cir. 2012); Reid v. United States, 95 Fed. Cl. 243, 248 (2010) ("When a plaintiff's complaint names private parties, or local, county, or state agencies, rather than federal agencies, this court [the United States Court of Federal Claims] has no jurisdiction to hear those allegations." (quoting Moore v. Pub. Defs. Office, 76 Fed. Cl. 617, 620 (2007))). Therefore, this court lacks jurisdiction to review plaintiff's claims against any of the state officials mentioned in plaintiff's complaint.

Although defendant acknowledges that this court has jurisdiction over claims "seeking the refund of [Federal] taxes alleged to have been erroneously or unlawfully assessed or collected," defendant argues that plaintiff has failed to satisfy the

prerequisites for filing a tax refund claim in this court, citing Ishler v. United States, 115 Fed. Cl. 530 (2014). According to defendant, quoting Ishler v. United States, 115 Fed. Cl. at 535, this first requires a plaintiff to:

> 1) "pay his tax liability in full"; 2) "file a timely administrative refund claim with the IRS"; and 3) "satisfy the requirements of IRC § 6532, which provides, inter alia, that '[n]o suit or proceeding under [IRC §] 7422(a) for the recovery of any internal revenue tax, penalty, or other sum, shall be begun . . . after the expiration of 2 years from the date of mailing by certified mail or registered mail by the Secretary to the taxpayer of a notice of the disallowance of the part of the claim to which the suit or proceeding relates."

Notably, the United States Supreme Court has indicated that:

> A taxpayer seeking a refund of taxes erroneously or unlawfully assessed or collected may bring an action against the Government either in United States district court or in the United States Court of Federal Claims. The Internal Revenue Code specifies that before doing so, the taxpayer must comply with the tax refund scheme established in the Code. That scheme provides that a claim for a refund must be filed with the Internal Revenue Service (IRS) before suit can be brought, and establishes strict timeframes for filing such a claim.

United States v. Clintwood Elkhorn Mining Co., 553 U.S. 1, 4 (2008) (citations omitted); see also United States v. Dalm, 494 U.S. 596, 609-10, reh'g denied, 495 U.S. 941 (1990); RadioShack Corp. v. United States, 566 F.3d 1358, 1360 (Fed. Cir. 2009) ("[I]n the context of tax refund suits, the [United States Supreme] Court has held that the Court of Federal Claims' Tucker Act jurisdiction is limited by the Internal Revenue Code, including 26 U.S.C. § 7422(a).")[2]; Computervision Corp. v. United States, 445 F.3d 1355, 1363 (Fed. Cir.), reh'g and reh'g en banc denied, 467 F.3d 1322 (Fed. Cir. 2006), cert. denied, 549 U.S. 1338 (2007); Whiteford v. United States, 148 Fed. Cl. at 119 ("Accordingly, this Court does not possess subject-matter jurisdiction to consider a claim to recover

---

[2] Before filing a tax refund claim in federal court, a plaintiff is required to file a claim with the IRS for the amount of the alleged refund, pursuant to 26 U.S.C. § 7422(a) (2018), which states:

> No suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected, or of any penalty claimed to have been collected without authority, or of any sum alleged to have been excessive or in any manner wrongfully collected, until a claim for refund or credit has been duly filed with the Secretary, according to the provisions of law in that regard, and the regulations of the Secretary established in pursuance thereof.

26 U.S.C. § 7422(a).

internal revenue tax unless the taxpayer first files a claim for a tax refund with the IRS."); Kiselis v. United States, 131 Fed. Cl. 54, 60 (2017) ("To establish jurisdiction, Plaintiff must establish that he filed an administrative refund claim with the IRS prior to filing suit in this Court."); Fremuth v. United States, 129 Fed. Cl. 684, 688 (2016) ("This Court's exercise of [tax refund] jurisdiction is subject, however, to several statutory and jurisprudential prerequisites."); Smith v. United States, 111 Fed. Cl. 740, 743 (2013) (noting that Congress intended for 26 U.S.C. § 7422(a) to apply broadly); Dumont v. United States, 85 Fed. Cl. 425, 428 ("To recover under the Tucker Act, a plaintiff must adhere to the requirements of 26 U.S.C. § 7422(a), which states that 'no such suit shall be maintained in any court . . . until a claim for refund or credit has been duly filed with the Secretary.'" (quoting 26 U.S.C. § 7422(a))), aff'd, 345 F. App'x 586 (Fed. Cir. 2009), cert. denied, 559 U.S. 1101 (2010); Buser v. United States, 85 Fed. Cl. 248, 256 (2009). In a tax refund suit, a threshold requirement that a plaintiff must demonstrate for recovery is overpayment of tax money to the IRS. See Williams v. United States, 112 Fed. Cl. 67, 75 (2013) (citing Pac. Gas and Elec. Co. v. United States, 417 F.3d 1375, 1381 (Fed. Cir. 2005), reh'g and reh'g en banc denied (Fed. Cir. 2006)). The Judge in the Williams case indicated that to pursue a tax refund claim, a plaintiff must provide the court "with grounds and facts sufficient to support the claim," namely information that indicates "the amount of tax liability and all tax payments made." Id. (citing 26 C.F.R. § 301.6402-2(b)(1)).

Further, the requirements of RCFC 9(m) detail the "jurisdictional prerequisites" for maintaining a tax refund claim in this court. See Simmons v. United States, 127 Fed. Cl. 153, 160, (2016); see also Jackson v. United States, 143 Fed. Cl. 242, 246 (2019) (holding that if a plaintiff fails to satisfy RCFC 9(m), this court "lacks jurisdiction" to hear a tax refund suit). RCFC 9(m) (2020) states that:

> In pleading a claim for a tax refund, a party must:
> (1) file the pleading under seal along with a redacted version of the pleading that conforms to RCFC 5.2; and
> (2) include:
>     (A) a copy of the claim for refund, and
>     (B) a statement identifying:
>         (i) the tax year(s) for which a refund is sought;
>         (ii) the amount, date, and place of each payment to be refunded;
>         (iii) the date and place the return was filed, if any;
>         (iv) the name, address, and identification number of the taxpayer(s) appearing on the return;
>         (v) the date and place the claim for refund was filed; and
>         (vi) the identification number of each plaintiff, if different from the identification number of the taxpayer.

RCFC 9(m).

Plaintiff does not state in his complaint or subsequent submissions to the court whether he "paid his tax liability in full, whether he timely filed an administrative claim with

the IRS, and the amount of his tax payments and tax liability," nor does plaintiff allege any specific claim as to the year and tax refund to which he claims to be entitled. In sum, the United States Court of Federal Claims may only hear claims for which the petitioning taxpayer has fulfilled all of his or her tax liabilities for the tax year in question before the refund claim is heard. See Flora v. United States, 357 U.S. 63, 72-73 (1958) (Flora I), aff'd on reh'g, 362 U.S. 145 (Flora II), reh'g denied, 362 U.S. 972 (1960). In Flora II, the United States Supreme Court stated that 28 U.S.C. § 1346(a)(1) (2018) requires "payment of the full tax before suit." Flora II, 362 U.S. 145, 150, 177, reh'g denied, 362 U.S. 972 (1960); see also Ledford v. United States, 297 F.3d 1378, 1382 (Fed. Cir. 2002) (affirming United States Court of Federal Claim's dismissal of pro se plaintiff's tax refund suit for lack of subject matter jurisdiction when plaintiff did not allege that he had paid his taxes for the years in which he sought a tax refund and when plaintiff's tax returns submitted to the court also showed that plaintiff did not pay any taxes for those years); Shore v. United States, 9 F.3d 1524, 1526 (Fed. Cir. 1993) ("The full payment requirement of Section 1346(a)(1) and Flora applies equally to tax refund suits brought in the Court of Federal Claims . . . ." (citing Tonasket v. United States, 218 Ct. Cl. 709, 711-12, 590 F.2d 343 (1978))); Yates v. United States, 150 Fed. Cl. at 139-40 ("Because Mr. Yates has not satisfied the full payment rule, any refund claim he asserts in the complaint cannot proceed in this court."); Simmons v. United States, 127 Fed. Cl. at 159 (dismissing tax refund claims for lack of jurisdiction when the plaintiff failed "to allege, much less demonstrate, that he has fully paid his outstanding tax liabilities" for the tax years at issue); Artuso v. United States, 80 Fed. Cl. 336, 338 (2008). Plaintiff has not even alleged that he filed an administrative claim with the IRS. Moreover, there is no allegation or indication in the record before the court that he did so. For these reasons, plaintiff's claim that he is owed any tax refund must be denied.

In addition, plaintiff alleges that he was unlawfully imprisoned for seven and a half years. Defendant argues that plaintiff's complaint fails to meet the requirements for claims for unjust conviction and imprisonment under 28 U.S.C. § 1495 (2018). According to 28 U.S.C. § 1495, "[t]he United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim for damages by any person unjustly convicted of an offense against the United States and imprisoned." 28 U.S.C. § 1495. A Judge of the United States Court of Federal Claims has explained that 28 U.S.C. § 1495, "must be read in conjunction with 28 U.S.C. § 2513." Humphrey v. United States, 52 Fed. Cl. 593, 596 (2002), aff'd, 60 F. App'x 292 (Fed. Cir. 2003) (citations omitted); see also Redd v. United States, 147 Fed. Cl. 602, 605 (2020) ("However, a plaintiff bringing suit pursuant to 28 U.S.C. § 1495 must satisfy the requirements of 28 U.S.C. § 2513."); Abu-Shawish v. United States, 120 Fed. Cl. 812, 813 (2015) ("To establish jurisdiction, however, a plaintiff seeking compensation under Section 1495 must also meet the requirements of 28 U.S.C. § 2513(a)(1)."). The statute at 28 U.S.C. § 2513 states:

> **(a)** Any person suing under section 1495 of this title must allege and prove that:
>
> > **(1)** His conviction has been reversed or set aside on the ground that he is not guilty of the offense of which he was

> convicted, or on new trial or rehearing he was found not guilty of such offense, as appears from the record or certificate of the court setting aside or reversing such conviction, or that he has been pardoned upon the stated ground of innocence and unjust conviction and
> **(2)** He did not commit any of the acts charged or his acts, deeds, or omissions in connection with such charge constituted no offense against the United States, or any State, Territory or the District of Columbia, and he did not by misconduct or neglect cause or bring about his own prosecution.
>
> **(b)** Proof of the requisite facts shall be by a certificate of the court or pardon wherein such facts are alleged to appear, and other evidence thereof shall not be received.
>
> **(c)** No pardon or certified copy of a pardon shall be considered by the United States Court of Federal Claims unless it contains recitals that the pardon was granted after applicant had exhausted all recourse to the courts and that the time for any court to exercise its jurisdiction had expired.
>
> **(d)** The Court may permit the plaintiff to prosecute such action in forma pauperis.
>
> **(e)** The amount of damages awarded shall not exceed $100,000 for each 12-month period of incarceration for any plaintiff who was unjustly sentenced to death and $50,000 for each 12-month period of incarceration for any other plaintiff.

28 U.S.C. § 2513 (2018) (emphasis in original). As the statute quoted directly above indicates, 28 U.S.C. § 2513 requires that a plaintiff filing suit pursuant to 28 U.S.C. § 1495, "must allege and prove" that "[h]is conviction has been reversed or set aside on the ground that he is not guilty of the offense of which he was convicted . . . or that he has been pardoned upon the stated ground of innocence and unjust conviction," and, that "[h]e did not commit any of the acts charged." 28 U.S.C. § 2513(a); see also Abu-Shawish v. United States, 120 Fed. Cl. at 813 ("[I]n order for this court to have jurisdiction, a plaintiff must obtain a certificate of innocence from the district court which states that not only was he not guilty of the crime of conviction, but also that none of his acts related to the charged crime were other crimes."); Carpenter v. United States, 118 Fed. Cl. 712, 713 (2014) ("Jurisdiction conferred by Section 1495 is limited to a plaintiff who proves that his conviction has been reversed or set aside on the grounds that he is not guilty . . . or that he has been pardoned."). In Humphrey, this court indicated, "[t]hese jurisdictional requirements [of 28 U.S.C. § 1495 and 28 U.S.C. § 2513] are strictly construed, and a heavy burden is placed upon a claimant seeking relief under such provisions." Humphrey v. United States, 52 Fed. Cl. at 596; see also Wood v. United States, 91 Fed. Cl. 569,

14

577 (2009) (holding that compliance with § 2513, including submission of a certificate of innocence from the federal district court, is a prerequisite to the jurisdiction of the Court of Federal Claims). Additionally, as noted in Sykes v. United States, 105 Fed. Cl. 231 (2012), "a certificate or pardon must 'either explicitly or by factual recitation' state that the plaintiff has satisfied the requirements of Section 2513." Id. at 233 (quoting Humphrey v. United States, 52 Fed. Cl. at 597). Plaintiff does not allege that his conviction has been set aside. In fact, nowhere in plaintiff's complaint is there even a suggestion that his conviction has been set aside, nor does he present any certificate or pardon indicating as much. Therefore, this court does not have jurisdiction to hear plaintiff's claim for unjust conviction and imprisonment.[3]

Defendant further argues that, aside from the jurisdictional failings of the complaint, plaintiff's complaint largely "consists of legal conclusions and argumentation" that do not sufficiently allege a cause of action and must fail pursuant to RCFC 12(b)(6) for failure to state a claim. The United States Supreme Court has held:

> While a complaint attacked by Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, ibid. [Conley v. Gibson, 355 U.S. 41, 47 (1957)]; Sanjuan v. American Bd. Of Psychiatry and Neurology, Inc., 40 F.3d 247, 251 (C.A.7 1994), a plaintiff's obligation to provide the "grounds" of his "entitlement to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do, see Papasan v. Allain, 478 U.S. 265, 286 (1986) (on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation"). Factual allegations must be enough to raise a right to relief above the speculative level, see 5 C. Wright & A. Miller, Federal Practice and Procedure §1216 pp. 235-236 (3d ed. 2004) (hereinafter Wright & Miller) ("[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action"), on the assumption that all the allegations in the complaint are true (even if doubtful in fact), see, e.g., Swierkiewicz v. Sorema N.A., 535 U.S. 506, 508 n.1 (2002); Nietzke v. Williams, 490 U.S. 319, 327 (1989) ("Rule 12(b)(6) does not countenance . . . dismissals based on a judge's disbelief of a complaint's factual allegations"); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974) (a well-pleaded complaint may proceed even if it appears "that a recovery is very remote and unlikely").
>
> . . .
>
> [W]e do not require heightened fact pleading of specifics, but only enough facts to state a claim that relief that is plausible on its face.

Bell Atl. Corp. v. Twombly, 550 U.S. at 555-56, 570 (brackets added) (footnote omitted) (first three omissions in original); see also Ashcroft v. Iqbal, 556 U.S. at 678 (citing Bell

---

[3] Plaintiff's claim for damages as a result of his claim for unjust conviction also fails for lack of sufficient allegations and documentation.

15

Atl. Corp. v. Twombly, 550 U.S. at 555-57, 570); Am. Bankers Ass'n v. United States, 932 F.3d 1375, 1380 (Fed. Cir. 2019); Frankel v. United States, 842 F.3d 1246, 1249 (Fed. Cir. 2016); A&D Auto Sales, Inc. v. United States, 748 F.3d 1142, 1157 (Fed. Cir. 2014); Bell/Heery v. United States, 739 F.3d 1324, 1330 (Fed. Cir. 2014), reh'g and reh'g en banc denied, (Fed. Cir. 2014); Kam-Almaz v. United States, 682 F.3d 1364, 1367 (Fed. Cir. 2012) ("The facts as alleged 'must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).'" (quoting Bell Atl. Corp. v. Twombly, 550 U.S at 557)); Totes-Isotoner Corp. v. United States, 594 F.3d 1346, 1354-55 (Fed. Cir. 2010), cert. denied, 562 U.S. 830 (2010); Bank of Guam v. United States, 578 F.3d 1318, 1326 (Fed. Cir. 2009) ("In order to avoid dismissal for failure to state a claim, the complaint must allege facts 'plausibly' suggesting (not merely consistent with)' a showing of entitlement to relief." (quoting Bell Atl. Corp. v. Twombly, 550 U.S. at 557)), reh'g and reh'g en banc denied, (Fed. Cir. 2009), cert. denied, 561 U.S. 1006 (2010); Cambridge v. United States, 558 F.3d 1331, 1335 (Fed. Cir. 2009) ("[A] plaintiff must plead factual allegations that support a facially 'plausible' claim to relief in order to avoid dismissal for failure to state a claim." (quoting Bell Atl. Corp. v. Twombly, 550 U.S. at 570)); Cary v. United States, 552 F.3d 1373, 1376 (Fed. Cir.) ("The factual allegations must be enough to raise a right to relief above the speculative level. This does not require the plaintiff to set out in detail the facts upon which the claim is based, but enough facts upon which the claim is based, but enough facts to state a claim to relief that is plausible on its face." (citing Bell Atl. Corp. v. Twombly, 550 U.S. at 555, 570)), reh'g denied, (Fed. Cir.), cert. denied, 557 U.S. 937 (2009); Christen v. United States, 133 Fed. Cl. 226, 229 (2017); Christian v. United States, 131 Fed. Cl. 134, 144 (2017); Vargas v. United States, 114 Fed. Cl. 226, 232 (2014); Fredericksburg Non-Profit Hous. Corp. v. United States, 113 Fed. Cl. 244, 253 (2013), aff'd, 579 F. App'x 1004 (Fed. Cir. 2014); Peninsula Grp. Capital Corp. v. United States, 93 Fed. Cl. 720, 726-27 (2010); Legal Aid Soc'y of N.Y. v. United States, 92 Fed. Cl. 285, 292, 298 n.14 (2010). The complaint filed by Mr. James does not meet the standard articulated in Conley v. Gibson and Iqbal v. Ashcroft, since plaintiff's allegations are conclusory and none of plaintiff's claims are supported by sufficient allegations or documentation.

The court notes that plaintiff filed an "Affidavit in Opposition to Defendant's Motion to Dismiss," in which he reiterated his claim that he is a "Sovereign," and is not subject "to any real or imaginary statutory regulations or quasi laws." Additionally, plaintiff filed a "MEMORANDUM OF LAW WITH POINTS AND AUTHORITIES ON 'SOVEREIGNTY' OF THE people In Relation to 'government' of the several Compact De-facto States and the Federal Government. In Support of the Plaintiff's Affidavit in opposition to Defendant's Motion to Dismiss."[4] The filings by plaintiff offered his discussion of "sovereignty" in

---

[4] Defendant notes that plaintiff "incorrectly argues in his response brief that the United States 'is alleging that it has Subject matter Jurisdiction over the Plaintiff.'" Defendant pointed out that plaintiff appeared to confuse subject matter jurisdiction with personal jurisdiction, and his arguments that he is a sovereign individual are not relevant to this court's lack of subject matter jurisdiction, even though plaintiff was the one who filed a case in this court.

support of plaintiff's claim that he is a sovereign individual. As has been explained by Judges of the United States Court of Federal Claims, the Sovereign Citizen Movement, if this is what plaintiff is espousing, is comprised of individuals who "believe that they are not subject to federal government authority and employ various tactics in an attempt to, among other acts, avoid paying taxes, extinguish debts, and derail criminal proceedings." Walby v. United States, 144 Fed. Cl. 1, 3 (2019). A theory of this doctrine is based on the idea that before the Fourteenth Amendment, there were no U.S. citizens, and instead people were citizens of their states. See id. As explained by the Judge in Walby v. United States, even after the Fourteenth Amendment was passed, these individuals allege that United States citizenship is optional, and that the government "has tricked the populace into becoming U.S. citizens by entering into 'contracts' embodied in such documents as birth certificates and social security cards." Id. As further explained by the Judge in Walby, the theory that these "sovereign citizens" are not subject to taxation has "long been rejected as 'completely lacking in legal merit and patently frivolous.'" Id. (quoting Lonsdale v. United States, 919 F.2d 1440, 1448 (10th Cir. 1990)). Regardless, plaintiff's arguments regarding his sovereignty status are not relevant as this court does not have subject matter jurisdiction over plaintiff's claims.

## CONCLUSION

For the reasons stated above, this court lacks jurisdiction to hear plaintiff's claims, and furthermore, plaintiff has failed to state claims which can be heard in this court. Therefore, defendant's motion to dismiss is **GRANTED**. Plaintiff's complaint is **DISMISSED**. The Clerk's Office shall enter **JUDGMENT** consistent with this Opinion.

**IT IS SO ORDERED.**

s/Marian Blank Horn
**MARIAN BLANK HORN**
**Judge**